UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY JUENGAIN | CIVIL ACTION |
| VERSUS | NO. 15-6649 |
| STATE OF LOUISIANA, ET AL. | SECTION "B"(2) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

I. FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Gary Juengain, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On July 3, 2008, Juengain was charged by bill of information

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 3.

1

in Orleans Parish with one count of possession of cocaine with intent to distribute.[3] The Louisiana Fourth Circuit Court of Appeal summarized the facts determined at trial in relevant part as follows:

> Detective Wayne Jacque testified at both the motion hearing and again at trial. According to Detective Jacque, on June 5, 2008, he and his partner, Officer Demetrius Jackson, were driving eastbound on North Claiborne Avenue near the intersection of Dumaine Street when they observed the defendant standing under the I-10 overpass counting paper currency. Because the area was known to the officers as a drug use and distribution area, they decided to conduct surveillance. Within minutes, Detective Jacque observed the defendant enter the passenger side of a red SUV that was parked nearby. The defendant placed an unknown object in his mouth, exited the SUV, looked around and began walking eastbound on Claiborne Avenue. The driver of the SUV drove off in an erratic manner. Suspecting a drug transaction, Detective Jacque and Officer Jackson elected to pursue defendant. They exited their vehicle, announced that they were police officers and began walking towards the defendant. The defendant turned and walked in the opposite direction. Detective Jacque informed the defendant of his Miranda rights and why he was being stopped. The defendant responded that he understood his rights. Detective Jacque observed a white compressed object inside of defendant's mouth and, for safety reasons, requested that the defendant surrender the object. The defendant complied and Detective Jacque conducted a field test on the white object which resulted in a positive test for cocaine. Accordingly, the defendant was arrested for possession of cocaine.

State v. Juengain, 41 So.3d 499, 502-03 (La. App. 4th Cir. 2008); State Record Volume 6 of 8, Louisiana Fourth Circuit Court of Appeal Opinion, 2009-KA-0425, page 3, January 20, 2010.

---

[3]St. Rec. Vol. 1 of 8, Bill of Information, 7/3/08.

After being found competent to proceed, Juengain was tried before a jury on October 30, 2008, and found guilty as charged.[4] The State filed a handwritten multiple offender bill on November 6, 2008, charging Juengain as a fourth felony offender.[5] At a November 10, 2008 hearing, the court denied Juengain's oral motion for new trial and written motions for post-verdict judgment of acquittal and in arrest of judgment.[6]

On November 13, 2008, the State substituted a typed, duplicate of the multiple bill, and Juengain submitted a written motion for new trial.[7] The court denied Juengain's motion at the hearing. On November 14, 2008, the state trial court adjudicated Juengain a fourth offender and sentenced him to serve life in prison without benefit of probation or suspension of sentence.[8]

On direct appeal to the Louisiana Fourth Circuit, Juengain's appointed counsel asserted four errors:[9] (1) The state trial court erred by denying his motion to suppress the evidence. (2) The state trial court erred in seating only six jurors for a trial with a sentencing exposure of more than twenty years. (3) The state trial court erred by

---

[4]St. Rec. Vol. 3 of 8, Trial Transcript, 10/30/08; St. Rec. Vol. 2 of 8, Jury Verdict, 10/30/08.

[5]St. Rec. Vol. 1 of 8, Handwritten Multiple Bill, 11/6/08; Minute Entry, 11/6/08.

[6]St. Rec. Vol. 1 of 8, Minute Entry, 11/10/08.

[7]St. Rec. Vol. 1 of 8, Minute Entry, 11/13/08; Multiple Bill, 11/13/08; Motion for New Trial, 11/13/08; St. Rec. Vol. 5 of 8, Hearing Transcript, 11/13/08

[8]St. Rec. Vol. 1 of 8, Multiple Bill Hearing Minutes, 11/14/08; Sentencing Minutes, 11/14/08; St. Rec. Vol. 3 of 8, Hearing Transcript, 11/14/08.

[9]St. Rec. Vol. 6 of 8, Appeal Brief, 2009-KA-0425, 5/11/09.

denying a motion to continue trial based on petitioner's inability to subpoena witnesses and documents and have DNA testing completed. (4) The sentence is excessive and the multiple offender adjudication was based on insufficient proof and decided without a jury.

Juengain filed a pro se supplemental brief adding argument regarding denial of the motion to continue and asserting that he did not intend to represent himself without co-counsel.[10] He also filed pro se a motion to remand the matter for a ruling on his motion for new trial based on newly discovered evidence, which he claimed to have submitted to the state trial court on October 9, 2009, after the appeal was lodged.[11]

The Louisiana Fourth Circuit conditionally affirmed Juengain's conviction and sentence on January 20, 2010, finding that part of the fourth claim was not preserved for appellate review and the remaining claims were without merit.[12] The court also granted the request for remand for the trial court to consider the motion for new trial, which it deemed timely filed.

Juengain's conviction became final thirty (30) days later, on February 19, 2010, when he did not seek rehearing or file for review in the Louisiana Supreme Court. Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690,

---

[10]St. Rec. Vol. 6 of 8, Pro Se Supplemental Appeal Brief (incomplete copy), 2009-KA-0425, 5/22/09.

[11]St. Rec. Vol. 6 of 8, Motion to Remand, 2009-KA-0425, undated.

[12]Juengain, 41 So.3d at 499; St. Rec. Vol. 6 of 8, 4th Cir. Opinion, 2009-KA-0425, 1/20/10.

694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).

On February 24, 2010, the state trial court advised Juengain that the record did not contain a motion for new trial, and directed Juengain to submit a copy of the motion for the court to address pursuant to the partial remand.[13] The record does not reflect that Juengain ever complied.[14]

In the meantime, however, on February 1, 2010, Juengain filed a motion to provide the court with newly discovered evidence that he was unable to present at trial.[15] He attached lists of witnesses and evidence to support a new trial. Receiving no response from the state trial court, Juengain sought an order from the Louisiana Fourth Circuit compelling the trial court to rule.[16] The court granted the writ application on August 16, 2010, for purposes of having the trial court consider Juengain's motion for newly discovered evidence as a motion for new trial.[17]

On December 15, 2010, the Louisiana Fourth Circuit also granted Juengain's second writ application seeking the same relief.[18] On December 20, 2010, the state trial

---

[13]St. Rec. Vol. 1 of 8, Minute Entry, 2/24/10.

[14]See St. Rec. Vol. 8 of 8, Letter to Juengain, 2/27/14.

[15]St. Rec. Vol. 7 of 8, Motion for Newly Discovered Evidence, 2/11/10 (dated 2/1/10).

[16]St. Rec. Vol. 7 of 8, 4th Cir. Writ Application, 2010-K-1120, 8/5/10.

[17]St. Rec. Vol. 7 of 8, 4th Cir. Order, 2010-K-1120, 8/16/10.

[18]St. Rec. Vol. 7 of 8, 4th Cir. Order, 2010-K-1675, 12/15/10; 4th Cir. Writ Application, 2010-K-1675, 12/1/10.

5

court addressed and denied Juengain's motion for new trial finding that the evidence he referenced was not newly discovered and had been produced to him prior to trial.[19]

Juengain sought review of this ruling in the Louisiana Fourth Circuit through a writ application and did not seek review through the original direct appeal.[20] The court denied the writ application finding no error in the state trial court's ruling.[21] The Louisiana Supreme Court denied Juengain's related subsequent writ application without stated reasons on March 2, 2012.[22]

More than one year later, on September 19, 2013, the state trial court received and filed a packet of papers from Juengain bearing the caption "Equal Protection Clause Objection and/or Motion to Correct Judgment" in which he requested a hearing concerning the court's new trial order.[23] The court's staff wrote a letter to Juengain on February 27, 2014, advising him that it was unable to determine the relief sought and reminded him that it had never received a copy of the motion for new trial he was

---

[19]St. Rec. Vol. 7 of 8, Trial Court Judgment, 12/20/10; Letter to Circuit Court, 12/20/10.

[20]St. Rec. Vol. 7 of 8, 4th Cir. Writ Application, 2011-K-0014, 1/6/11.

[21]St. Rec. Vol. 7 of 8, 4th Cir. Order, 2011-K-0014, 2/23/11.

[22]State ex rel. Juengain v. State, 83 So.3d 1033 (La. 2012); St. Rec. Vol. 7 of 8, La. S. Ct. Order, 2011-KH-0434, 3/2/12; La. S. Ct. Writ Application, 11-KH-434, 3/2/11 (postmarked 2/28/11).

[23]St. Rec. Vol. 8 of 8, Equal Protection Clause Objection and/or Motion to Correct Judgment, 9/19/13.

supposed to send in February of 2010.[24] The letter instructed Juengain to submit a copy of the 2010 motion, if he sought a ruling on that pleading.

The record reflects that on March 21, March 25 and April 14, 2014, Juengain filed a motion for a new trial with other supplemental documentation and related motions, although the record does not contain copies of these pleadings.[25] The state trial court denied the motion for new trial and related motions on June 9, 2014, finding the motion untimely and otherwise without merit.[26]

On August 25, 2014, the Louisiana Fourth Circuit denied Juengain's related writ application, finding no error in the state trial court's ruling.[27] The appellate court also returned unfiled without considering Juengain's request for rehearing on September 22, 2014, apparently because he had failed to identify what lower court proceedings related to the request.[28] The Louisiana Supreme Court also denied Juengain's subsequent writ application on September 11, 2015 as procedurally barred for seeking untimely post-

---

[24]St. Rec. Vol. 8 of 8, Letter to Juengain, 2/27/14; St. Rec. Vol. 1 of 8, Minute Entry, 2/27/14.

[25]St. Rec. Vol. 1 of 8, Docket Master Entries, 3/21, 3/25 & 4/14/14.

[26]St. Rec. Vol. 8 of 8, Trial Court Order, 6/9/14.

[27]St. Rec. Vol. 8 of 8, 4th Cir. Order, 2014-K-0833, 8/25/14; 4th Cir. Writ Application, 2014-K-0833, 8/7/14.

[28]St. Rec. Vol. 8 of 8, 4th Cir. Letter, 2014-K-0833, 9/22/14; 4th Cir. Letter, 9/25/14, 4th Cir. Letter, 9/26/14.

conviction review under La. Code Crim. P. arts. 930.8 & 930.4(D), and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995).[29]

On November 4, 2015, Juengain signed and submitted an application for post-conviction relief asserting that he was kidnapped by the New Orleans Police Department on June 5, 2008, and that he had evidence to prove it.[30] The state trial court apparently denied this application on December 2, 2015, as repetitive of prior requests for relief denied by the state trial and appellate courts.[31]

## II. FEDERAL HABEAS PETITION

On December 21, 2015, the clerk of this court filed Juengain's federal habeas corpus petition, which – broadly construed – asserts the following grounds for relief: (1) He was denied equal protection. (2) He was subject to discriminatory policing and stop-and-frisk policies. (3) He was denied the use of crime camera video technology. (4) He requested that his appointed counsel obtain evidence before trial to support his only plausible line of defense, and he was not provided with the information until after his conviction.

---

[29]St. Rec. Vol. 8 of 8, La. S. Ct. Writ Application, 14-KH-2326, 11/6/14 (postal metered 10/31/14). It appears from the record that Juengain attempted to file for review in the Louisiana Supreme Court several times before this, and his pleadings were returned to him without court action each time. See St. Rec. Vol. 8 of 8, La. S. Ct. Letter, 9/8/14; La. S. Ct. Letter, 9/30/14; La. S. Ct. Letter, 10/6/14.

[30]St. Rec. Vol. 8 of 8, Application for Post-Conviction Relief, 11/9/15 (dated 11/4/15).

[31]St. Rec. Vol. 1 of 8, Docket Master Entry, 12/2/15; see Rec. Doc. No. 15-4, p. 2.

The State filed a response in opposition to Juengain's petition asserting that the petition should be dismissed as untimely.[32] Juengain replied to the State's response, reiterating the procedural history of his case and providing a copy of the state trial court's December 2, 2015 ruling and other documentation related to civil suits against the New Orleans Police Department challenging its internal policies and procedures.[33]

III. <u>GENERAL STANDARDS OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[34] and applies to habeas petitions filed after that date. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)). The AEDPA therefore applies to Juengain's petition, which, for reasons discussed below, is deemed filed in this federal court on December 2, 2015.[35]

---

[32] Rec. Doc. No. 13.

[33] Rec. Doc. Nos. 15, 16.

[34] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

[35] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 529 U.S. 1057 (2000); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995). Juengain dated his signature

9

The threshold questions in habeas review under the amended statute are whether a petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The State has argued and I find that Juengain's federal petition is untimely and must be dismissed with prejudice for that reason.

IV.   STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[36] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Juengain's conviction and sentence became final on February 19,

---

on his original, handwritten petition on December 2, 2015. This is the earliest date appearing in the record on which he could had delivered the pleadings to prison officials for mailing to a federal court.

[36]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2010, when he did not seek review by the Louisiana Supreme Court of the Louisiana Fourth Circuit's ruling on direct appeal.[37] Applying Section 2244 literally, Juengain had one year from finality of his conviction, or until Tuesday, February 22, 2011,[38] to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in

---

[37]The State calculated the finality of the conviction based on the date the Louisiana Supreme Court completed review of Juengain's collateral review of the motion for new trial following his direct appeal. The law is clear that finality of a conviction under the AEDPA runs from the completion of direct review or when the petitioner fails to take the next step in the direct appeal process, which in this case was February 19, 2010, or thirty days after the Louisiana Fourth Circuit issued its opinion on January 20, 2010. See Butler, 533 F.3d 314 (5th Cir. 2008); La. S. Ct. R. X§5.

[38]The period ended on Saturday, February 19, 2011, and Monday, February 21, 2011, was President's Day, leaving the last day to fall to the next business day, Tuesday, February 22, 2011. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

11

some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Juengain has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his

glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that

> passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'").

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA statute of limitations period normally would have begun to run the day after Juengain's conviction became final under federal law, February 20, 2010. However, Juengain was deemed by the state appellate court to have pending in the state trial court a motion for new trial purportedly filed on October 9, 2009. Although no such pleading was ever located by the trial court, Juengain filed a motion on February 1, 2010, which was later construed by the state trial court to be a motion seeking a new trial. That motion remained pending and tolled the AEDPA one-year period through March 2, 2012, when the Louisiana Supreme Court denied Juengain's related writ application.

15

Therefore, the AEDPA one-year statute of limitations began to run the next day, on March 3, 2012, and continued to run without interruption for 365 days until Monday, March 4, 2013,[39] when it expired. Juengain had <u>no</u> properly filed state court application for post-conviction relief or other collateral review pending during that time period. Juengain's state court post-conviction pleadings filed after that date do not provide him any tolling benefit or renew the filing period. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

To whatever extent Juengain's pleadings might be read to assert his actual innocence, a claim the state courts have repeatedly rejected, he has not established an exception to the AEDPA statute of limitations. A conclusory actual innocence claim fails to provide cause to alter the tolling calculation or the applicable statute of limitations. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." McQuiggin v. Perkins, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). To meet the threshold actual innocence requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Id. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

---

[39]The period ended on Saturday, March 2, 2013, leaving the last day to fall to the next business day, Monday, March 4, 2013. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

In this case, Juengain presents <u>no</u> evidence, much less newly-discovered evidence, that would undermine this court's confidence in the jury's finding of guilt. The claims he asserts are not demonstrative of his actual innocence and instead arise solely from his persistent challenges to the search and seizure methods utilized by the police at and around the time of his arrest. His mere use of the phrase "actual innocence" as a means to bypass a limitations defense, without any evidence to support it, is insufficient to invoke this rare exception to the limitations bar.

Juengain's federal petition is deemed filed on December 2, 2015, which was more than one year after the AEDPA's one-year statute of limitations expired on March 4, 2013. It is therefore <u>not</u> timely filed and must be dismissed with prejudice for that reason.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Juengain's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[40]

New Orleans, Louisiana, this ___14th___ day of September, 2016.

                              JOSEPH C. WILKINSON, JR.
                          UNITED STATES MAGISTRATE JUDGE

---

[40] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.